**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **ONSCREEN DYNAMICS, LLC,**<br>Plaintiff, v.<br>**BLU PRODUCTS, INC.,**<br>Defendant. | **Case No.** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff, ONSCREEN DYNAMICS, LLC ("Onscreen Dynamics" or "Plaintiff"), files this Complaint for patent infringement against Defendant, BLU PRODUCTS, INC. ("BLU" or "Defendant"), and alleges as follows:

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001.

3. Upon information and belief, Defendant is a Florida for profit corporation.

4. Upon information and belief, Defendant operates and maintains a physical office at 8600 NW 36th Street, Suite 300, Doral, FL 33166.

## JURISDICTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has engaged in systematic and continuous business activities in Florida and within this District, including having a business location in Doral, Florida, which is in this District. As described below, Defendant has committed, and continues to commit, acts of patent infringement by selling and offering for sale smartphones within this District.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District at 8600 NW 36th Street, Suite 300, Doral, FL 33166. This location is a permanent physical location from which Defendant regularly conducts business. In addition, Defendant has committed, and continues to commit, acts of patent infringement in this District, and Plaintiff has suffered harm in this District.

## U.S. PATENT NO. 9,395,917

9. On July 19, 2016, U.S. Patent No. 9,395,917 (the "'917 Patent"), titled "Electronic Display with a Virtual Bezel," was duly issued by the United States Patent and Trademark Office. A Certificate of Correction issued on October 4, 2016. A true and correct copy of the '917 Patent, including the Certificate of Correction, is attached hereto as Exhibit A and incorporated herein by reference.

10. Onscreen Dynamics alleges that it is the current owner by assignment of the '917 Patent and possesses the right to sue for infringement of the '917 Patent.

11. The '917 Patent relates to touchscreen displays employing a virtual bezel. Claim 1 recites, among other limitations, a virtual bezel area having a touchscreen layer with a first mode of response, an active touchscreen region substantially disposed within the virtual bezel area and having a touchscreen layer with a second mode of response, and a gestural software application configured as further recited in the claim.

12. The specification explains that a virtual bezel may address problems associated with unintended touchscreen interactions while increasing display area and providing functionality otherwise associated with a physical bezel.

13. For example, claim 1 recites a virtual bezel area having a touchscreen layer with a first mode of response to a first set of touch-based inputs from a user, and an active touchscreen region having a touchscreen layer with a second mode of response to that first set of touch-based inputs. Claim 1 further recites a gestural software application in communication with the virtual bezel display screen, configured to selectively interpret touch-based inputs as intentional user input intended to affect the display of content on the active touchscreen region.

14. The '917 Patent includes claims directed to specific touchscreen structures and modes of response, including claim 1 and dependent claims directed to gestural software, cross-region touch inputs, and touch-based soft buttons within the virtual bezel area.

**COUNT I: INFRINGEMENT OF THE '917 PATENT**

15. Plaintiff incorporates the above paragraphs 1-14 herein by reference.

16. Defendant has directly infringed and continues to infringe one or more claims of the '917 Patent in this District and elsewhere in the United States under 35 U.S.C. § 271(a) by selling, using, and/or offering for sale in the United States, without authorization, smartphones that incorporate and/or utilize technology covered by the '917 Patent, including at least the BLU Bold N4 Smartphone (the "Accused Product"). Attached hereto as Exhibit B is an exemplary claim chart.

17. Moreover, Defendant's acts of direct infringement, under 35 U.S.C. § 271(a), of the '917 Patent occurred with Defendant's full knowledge that the use, sale, and/or offer for sale of the Accused Product constitutes infringement of the '917 Patent. Specifically, at least as early as the filing and service of the Complaint, Defendant was made aware of the '917 Patent and of

the fact that Defendant was using, selling, and/or offering for sale infringing products. Despite this notice, Defendant continues to use, sell, and/or offer for sale the Accused Product. Defendant's customers also directly infringe the '917 Patent through their use of the Accused Product.

18. Onscreen Dynamics is entitled to recover damages adequate to compensate it for Defendant's infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

19. Onscreen Dynamics will continue to suffer harm from Defendant's infringement, including irreparable harm, unless and until this Court enters an injunction prohibiting further infringement of the '917 Patent.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '917 Patent is valid and enforceable;

B. A judgment that Defendant has infringed one or more claims of the '917 Patent either literally and/or under the doctrine of equivalents;

C. A judgment that awards Plaintiff all damages adequate to compensate Plaintiff for Defendant's infringement, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as permitted by law.

D. That Defendant be permanently enjoined from any further activity or conduct that infringes the '917 Patent; and

E. That Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper under the circumstances.

**Dated:** September 22, 2026 Respectfully submitted,

/s/ Terry M. Sanks
Terry M. Sanks, Esq.
Florida Bar No.: 154430
Liandra Izquierdo, Esq.
Florida Bar No.: 1033468
BEUSSE SANKS, PLLC
612 E. Colonial Drive, Suite 250
Orlando, FL 32803
(407) 644-8888
tsanks@firstiniplaw.com
lizquierdo@firstiniplaw.com
litigation@firstiniplaw.com

***Counsel for Plaintiff***
***Onscreen Dynamics, LLC***